RECEIVED
IN LAKE CHARLES, LA

OCT 2 2 2007
PAM
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHARLINE BROWNING | : | DOCKET NO. 2:06 CV 1430 |
| VS. | : | JUDGE MINALDI |
| PETE GEREN, ACTING SECRETARY DEPARTMENT OF THE ARMY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for failure to state a claim upon which relief can be granted [doc. 44] filed on behalf of defendant Pete Geren in his official capacity as Acting Secretary of the U.S. Department of Army.  The plaintiff, Charlene Browning, did not file a reply.

## BACKGROUND

Plaintiff Charline Browning is a retired employee of the Department of the Army (hereinafter "Army").[1]  Browning filed suit seeking $300,000 for her employment discrimination claim.[2]  Prior to filing suit, Browning obtained a decision from the EEOC giving her the right to sue.[3]

Browning initially filed her request for appointment of counsel and complaint in the Southern

---

[1] Compl. ¶ 4.

[2] Pl.'s Civil Cover Sheet [doc. 1].

[3] Pl.'s Ex. (EEOC Decision) [doc. 1-2].

District of Mississippi on August 28, 2003.[4]  Browning did not file a separate complaint, but instead handwrote "complaint" above the Request for the Appointment of Counsel form.[5]  Browning's complaint states that there is evidence that her attorney failed to present in the administrative proceeding.

> [T]he allegations made against me were not brought to my attention until Mr. Kennedy gave the reason for not letting me attend a workshop–that there were many complaints from the Center staff about me....[T]hese people [complaining] were solicited to write these statements....All of the witnesses for the agency were white and they did not tell the truth....The fact I was given a reprimand for allegedly causing a child to leave the center unnoticed was not brought out at the hearing....I feel that none of my bonefied [sic] complaints were examined at the hearing and should be brought out in a civil suit.[6]

The remainder of Browning's complaint attempts to demonstrate her need for counsel, and contains information on her financial and employment status, as well as her attempts to secure counsel.[7]

Browning attached the EEOC's decision to her complaint.[8]  The decision states that Browning brought employment discrimination claims based on race and color (Black), national origin (African-American), sex, age (her birthday is listed as Aug. 28, 1939), and disability (major depressive disorder).[9]  The decision also states that Browning brought claims against the Army for retaliation for her prior involvement in protected EEOC activity, and that the Army created a hostile

---

[4] Compl.

[5] Compl.

[6] Compl.

[7] Compl. 3-7 [doc. 1].

[8] Compl. Ex. 1 [doc. 1].

[9] Compl. Ex. 1 [doc. 1].

work environment.[10] The EEOC affirmed the administrative judge's findings that Browning did not

prove unlawful employment discrimination by a preponderance of the record.[11]

On September 19, 2003, Browning's request for counsel was denied.[12] On June 29, 2004,

Browning was ordered to show cause by July 9, 2004 why the court should not dismiss her suit for

her failure to prosecute.[13] Browning responded on July 6, 2004.[14] Browning also filed a Motion to

Proceed *in forma pauperis*.[15] The court granted Browning's request to proceed *in forma pauperis* on

October 5, 2004.[16] The parties held a status conference on January 28, 2005, and Browning was

granted an additional thirty days to serve the defendant.[17]

The court ordered Browning again on August 22, 2005 and November 21, 2005 to show

cause why her suit should not be dismissed for failure to prosecute.[18] Browning filed a motion for

---

[10] Compl. Ex. 1 [doc. 1]. The decision alludes to Browning's twenty-five claims of disagreements with her supervisor about tasks, communications, meeting participation, attendance, and a delayed job rating. *Id.* The plaintiff did not include any of these allegations in her complaint.

[11] Compl. Ex. 1 [doc. 1].

[12] Order Denying Pl.'s Mot. for Counsel [doc. 3].

[13] Order to Show Cause (June 29, 2004) [doc. 6].

[14] Pl.'s Response to Show Cause Order [doc. 8].

[15] Pl.'s Mot. to Proceed *in forma pauperis* [doc. 9].

[16] Order to Proceed *in forma pauperis* [doc. 11].

[17] Order Pursuant to Status Conference of 1/28/2005 [doc. 15].

[18] Order to Show Cause (Aug. 11, 2005) [doc. 18];  Order to Show Cause (Nov. 21, 2005) [doc. 21].

an extension of time to serve process on December 12, 2005.[19]  The court granted Browning  until

January 9, 2006 to serve the defendant.[20] On January 12, 2006, the court again ordered Browning to

show cause why her claim should not be dismissed.[21]  Browning executed service of process on

February 28, 2006.[22]

The U.S. Attorney for the Southern District of Mississippi filed a motion to dismiss for lack

of jurisdiction, or alternatively, to transfer venue.[23]  The court granted the motion to transfer, and

Browning's case was transferred to the Western District of Louisiana on August 22, 2006.[24]   On

June 27, 2007, the Army filed this Motion to Dismiss for Failure to State a Claim.[25]

## RULE 12(b)(6) STANDARD

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

challenges the sufficiency of a plaintiff's allegations. FED. R. CIV. P. 12(b)(6).  When ruling on a

12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all

reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v.*

*Downtown Develop. Dist.*, 426 F. Supp.2d 383, 388 (E.D. La. 2006).

To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to

---

[19] Mot. for Extension of Time to Serve Process [doc. 22].

[20] Order Granting Mot. for Extension of Time to Serve Process [doc. 23].

[21] Order to Show Cause (Jan. 12, 2006) [doc. 24].

[22] Summons Returns Executed [docs. 30-32].

[23] Def.'s Mot. to Dismiss for Lack of Jurisdiction or Transfer Venue [doc. 34].

[24] Order Granting Mot. to Transfer Case [doc. 38].

[25] Def.'s Mot. to Dismiss for Failure to State a Claim [doc. 44].

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Complaints filed by pro se plaintiffs are held to a less stringent standard than complaints filed by lawyers, and thus pro se complaints are "to be liberally construed..." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (finding a motion to dismiss was inappropriate because pro se petitioner alleged sufficient facts to show that the prison's failure to treat his Hepatitis C violated the Eighth and Fourteenth Amendments, and that petitioner's allegations were not conclusory because he stated facts that his failure to obtain treatment was endangering his life). When ruling on a motion to dismiss against a pro se plaintiff, the court must consider all of the plaintiff's complaint, including all affidavits, as amendments to the complaint. *Clark v. Huntleigh Corp.*, 119 Fed. Appx. 666, 667 (5th Cir. 2005). If, after considering all of the pro se plaintiff's attachments and documents subsequently filed, the plaintiff has still failed to plead any claims, the court should dismiss the complaint. *Id.* at 668 (finding that the plaintiff stated an EEOC claim because he alleged that he was laid off for discriminatory reasons while other employees remained on the job).

A Rule 12(b)(6) invites a ruling on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Accordingly, dismissal for failure to state a claim is presumed to be with prejudice. *See, e.g., U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004).

5

## ANALYSIS

A Title VII plaintiff need not plead facts that establish a prima facie case of

discrimination to survive a Rule 12(b)(6) motion. *Swierkiewicz v. Sorema*, 534 U.S. 506, 511

(2002). Rather, the Supreme Court has observed that requiring greater particularity from a Title

VII plaintiff would "too narrowly constric[t] the role of the pleadings." *Id.* at 511 (citing

*McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283 n.11 (1976)). Thus, in

*Swierkiewicz*, the plaintiff survived a Rule 12(b)(6) motion by detailing the events that led to his

termination, providing relevant dates, and including the ages and nationalities of at least some of

the people involved with the termination, because these factual allegations gave the defendant

fair notice. *Id.* at 514.

After considering Browning's complaint and all attached documents, the court finds that

the plaintiff has failed to meet her pleading requirement. Browning's complaint and request for

appointment of counsel merely explains why her case merits the appointment of counsel. The

closest Browning comes to an allegation that could support a claim of discrimination is that her

white co-workers who served as witnesses at trial lied under oath. Browning also mentions

several deficiencies of her administrative hearing; however, none of these grievances give rise to

a claim of employment discrimination.

Browning's other document, the EEOC decision, is only slightly more helpful. The

Decision articulates that Browning brought suit based on race, color, national origin, sex, age,

disability, hostile work environment, and retaliation. The decision does not provide any of the

bases for Browning's claim that could support a finding of discrimination as is required under

6

*Swierkiewicz*.  Browning has failed to plead any facts regarding the events surrounding the adverse employment actions or the relevant dates.

Accordingly, the defendant's motion will be granted, and the plaintiff's complaint is dismissed with prejudice.

Lake Charles, Louisiana, this _____17_____ day of _____Sept_____, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

7